JUDGE ROMAN    IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

19 CV  4488

| | |
|---|---|
| CARMINE P. AMELIO | CIVIL ACTION NO.: |
| Plaintiff(s), | *Civil Action* |
| v. | |
| CECILIA G. MORRIS | **JURY TRIAL DEMANDED** |
| Defendant(s). | |

## COMPLAINT

Plaintiff, CARMINE P. AMELIO, hereby submits this Complaint against Defendant, and in support thereof, states as follows:

## NATURE OF ACTION

This action arises from an order entered by the United States Bankruptcy Court, Judge Cecelia G. Morris ("Morris"), for the Southern District of New York on May 22, 2018 in Case No. 17-12482 which the Plaintiff avers is unjust and constitutes a deprivation of Plaintiff's civil liberties and constitutional rights upon: (1) converting Plaintiff's chapter 13 case to chapter 7 ("Conversion Order"); (2) ordering the liquidation of Plaintiff's real properties by the Defendants named herein acting as chapter 7 trustees, in favor of non-parties to this complaint who were wrongfully declared to be lawful creditors with ownership and possession of three fraud *in factum* residential mortgage loans encumbering Plaintiff's real properties; (3) without docketing and adjudicating Plaintiff's objections to proof of claims filed by the purported creditors that consist of misrepresentations and omissions with falsely uttered and or forged monetary instruments annexed thereto in support; and (4) failing to report federal crimes by the purported

1

creditors and the latter's counsel to the authorities including, but not limited to, 18 U.S.C. §§ 152, 157, 1519, and 3571 as required by 28 U.S.C. § 586(a)(3)(f).

At all times, beginning with plaintiff's first petition 17-11167, filed April 28, 2017 and plaintiff second petition 17-12482, filed September 1, 2017, Morris denied plaintiff the right to reorganization under the bankruptcy code and violated plaintiff's civil liberties and constitutional rights in hearing and adjudicating both matters. Morris has proceeded with bias & prejudice against the plaintiff by, sua sponte, unlawfully converting plaintiff to chapter 7 without cause and without notice and a hearing with intentional misrepresentation of the plaintiff, abuse of power, manipulation of the docket, with the aid of the clerk, and prosecuting from the bench in order to achieve her premeditated plan to liquidate and unlawful rob plaintiff of his equity and the unjust enrichment of herself, the Court, the alleged creditors and ultimately, the biggest benefactor, the chapter 7 trustee, Deborah J. Piazza (Piazza) and her counsel, Scott Markowitz (Markowitz). Morris allowed the Trustee and her counsels physical and emotional abuse of plaintiff, negligence, violation of Trustee's duties and aided and abetted the trustee's counsel crime and physical assault upon plaintiff.

At all times, Morris, along with other parties worked in concert to unlawfully harm plaintiff physically, emotionally and financially in order to beat down, weaken and rob plaintiff by blocking and denying his due process rights and ultimately enjoining plaintiff from his first amendment right to petition.

Plaintiff has been irreparably harmed physically and emotional and robbed of property and his means to live and take care of his family, elderly mother and siblings. Morris, along with the

2

Trustee and her counsels have misrepresented and disparage with false accusations, denied plaintiff access to the bankruptcy protection and have continuously prejudiced plaintiff for previous filings by his siblings when plaintiff's solely owned properties were never listed in any previous filings by plaintiffs siblings.

The Plaintiff is seeking declaratory and injunctive relief.

## PARTIES

1. Plaintiff Carmine P. Amelio ("Amelio") is an individual resident of the State of New York, and the debtor named in Case No. 17-12482 before the United States Bankruptcy Court for the Southern District of New York.

2. Upon information and belief, Defendant Cecelia G. Morris ("Morris") is an employee of the Bankruptcy Court, Southern District of New York, and a resident of the State of New York.

## 3.    JURISDICTION AND VENUE

4. This action arises under the Constitution of the United States and the laws of the United States, including 42 U.S.C. § 1983 and 28 U.S.C. §1332.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.question jurisdiction.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the unlawful acts and practices alleged herein occurred in the Southern District of New York.

3

## IV. CIVIL AND CONSTITUTIONAL RIGHTS VIOLATONS, RETALIATION, NEGLIGENCE, MISCONDUCT AND RACKETERRING

7.    First Petition – Morris denied plaintiff equal protection equal rights afforded to Mr. Zhao Peng Cao who had failed to comply with court orders and who had previous filed five (5) times and . Judge dismissed case and instructed plaintiff to re-file

8.    Second Petition:

    a.    Morris unlawfully Denied Extension of Automatic Stay

    b.    Morris unlawfully conversion by misrepresenting that plaintiff had not objected to proof of claims, was a serial filer and prejudicial to creditors when debtor was instructed by Morris to re-file and debtor's properties were not listed in any of his petitions

    c.    Morris turned a blind eye to plaintiff's subsequent motions, intended, in good faith, to identify and correct unlawful conversion. It was at this point that plaintiff realized that the judge's decisions and misrepresentations were no longer errors but intentional and premeditated acts of bias, prejudice and racketeering.

    d.    Manipulation of Plaintiff's Docket

        i.    failure to docket plaintiff's objection to Proof of Claims

        ii.    failure to timely docket plaintiff's pleadings within 24 to 48 hours

        iii.    failure to timely docket and schedule Notice of Temporary Restraining Order hearing and Amended Notice and falsely stating that a failure to docket was due to a rug change, while Clerk stated that failure to docket was due to computers being down

4

e.    Morris refused to properly hear and adjudicate plaintiff's pleading in violation of his due process rights.

f.    Morris stated that the Court will no longer hear oral testimony from plaintiff pleadings would be adjudicated only on papers.

g.    Morris granted Trustee's motion to manage defendant's solely owned rental property on September 12, 2019, over plaintiff's objections

h.    Morris denied plaintiff's Motions to Compel trustee to manage debtor's solely owned properties, in contempt of her own order entered September 12, 2019. The Trustee's intentional mismanaged caused physical, emotional and financial harm to Plaintiff, including nineteen arrest warrants issued the Plaintiff by the City of Hoboken, New Jersey.

i.    Granted trustee's Temporary Restraining Order to enjoin plaintiff on March 22, 2019, with short notice on March 18, 2019 and denied plaintiff's request for adjournment who could not appear due to being out of state and medical appointments related to Markowitz physical assault. Temporary Restraining Order unlawfully enjoined plaintiff from pleadings, including Tort Complaint against Markowitz.

9.    **AT January 10, 2019 hearing**

a.    Morris failed to act upon physical assault by Scott Markowitz during court recess

b.    Morris proceeded despite automatic stay of Ironhouse, LLC business bankruptcy petition filed and proceeded, sua sponte, with an evidentiary

hearing regarding the same without Notice and a hearing.

c.    Morris interfered with Anthony Mehran, buyer of 814 Washington Street and 410 Monore Street, Hoboken properties, testimony under oath during cross examination by plaintiff, which was not his own, coerced by the judge and repeated the Judge statements instructed by the judge

## CAUSES OF ACTION

**Count I**
**Due Process Under § 1983:**

10.    Plaintiff realleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein

11.    Plaintiff possessed constitutionally protected life, liberty and property.

12.    Morris deprived Plaintiff of property and liberty in violation of Plaintiff's right to procedural dueprocess guaranteed by the Fourteenth Amendment to the United States Constitution.

13.    Defendant's conduct was intentional.

684. Defendants' conduct caused Plaintiff damages enumerated below.

**Count II**
**Due Process Under § 1983:**

14.    Plaintiff realleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein

15.    Plaintiff possessed constitutionally right to petition.

16.    Morris deprived Plaintiff of property and liberty in violation of Plaintiff's right to procedural dueprocess guaranteed by the First Amendment to the United States Constitution.

17.    Defendant's conduct was intentional.

18.    Defendants' conduct caused Plaintiff damages enumerated below.

**Count III**
**VIOLATIONS OF FEDERAL CIVIL RICO (18 USC §1962(C)); ACTIONABLE PURSUANT TO 18 USC § 1964(C);**

19.    Plaintiff realleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein

20.    Defendant's actions constitute an "Enterprise" as defined in 18 U.S.C. §1961(4).

21.    Morris violated the Federal Civil RICO statutes by conducting or participating, directly or indirectly, in the conduct of the affairs of an enterprise or enterprises, through a pattern of racketeering activity in violation of and 18 U.S.C. §1962(c). deprived Plaintiff of property and liberty in violation of Plaintiff's right to procedural dueprocess guaranteed by the First Amendment to the United States Constitution.

22.    The acts by the Defendants designated in count one (1) constitutes a pattern of racketeering activity that has continued and escalated beginning in or around November 17, 2018 and continues to present

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court enter judgment in their favor and against Defendant, as follows:

7

Order Morris to make Plaintiff whole by providing compensation for past and future losses resulting from Defendant's unlawful conduct, including but not limited to, mental and physical anguish, emotional pain and suffering, stress, inconvenience, and loss of life, liberty, income and property of in amounts to be determined at trial.

Any other relief that this Court deems just and proper.

## CLAIMS RESERVED

The Plaintiff herein reserve all claims against non-parties to this complaint that are not designated as Defendants in this matter, allowing the Plaintiff an opportunity to discover all relevant facts and any and all claims against the non-parties.

Dated: May 16, 2019

Carmine P. Amelio
60 West 23rd Street, Apt 830
New York, NY 10010
*"Plaintiff – Pro Se"*