UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/19
```

CARMINE P. AMELIO,

        Plaintiff,

-against-

CECILIA G. MORRIS,

        Defendant.

19-CV-4488 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendant violated his rights in a proceeding before the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Court). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against United States Bankruptcy Court Judge Cecelia G. Morris, asserting that she violated his rights in an action before the Bankruptcy Court. Plaintiff claims that Judge Morris violated his rights by issuing an order on May 22, 2018, that converted his Debtor's Chapter 13 action to a Chapter 7 case; directed liquidation of his real properties; failed to docket or adjudicate his objections; and failed to report federal crimes by his creditors.

## DISCUSSION

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff brings this action against Judge Morris to challenge her judicial decisions in his Bankruptcy Court action. Because the actions Plaintiff complains of are plainly judicial in

2

nature, Judge Morris is entitled to absolute immunity. If Plaintiff is seeking relief from the actions of the Bankruptcy Court, he must do so through the appeals process.[1]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed on immunity grounds.

Although Plaintiff paid the filing fee for this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  June 7, 2019
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] Plaintiff has three pending appeals before Judge George B. Daniels of this Court, arising from his Bankruptcy Court action. *See In re: Carmine P. Amelio*, Nos. 18-CV-8769 (GBD), 18-CV-11420 (GBD), 19-CV-314 (GBD). In the appeals, Plaintiff has challenged Judge Morris's May 22, 2018 order converting his Chapter 13 to a Chapter 7 case and other related issues.

3